IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

BRAD BOLTON and TERESA BOLTON,
    Plaintiffs,

vs.                                                            Case No.: 3:16cv400/MCR/EMT

WEISS SPICER CASH, PLLC, et al.,
    Defendants.
_____/

## REPORT AND RECOMMENDATION

This cause is before the court on three Motions to Dismiss, filed by Defendants Weiss Spicer Cash, PLLC, Elizabeth Cash, and Arnold Weiss (ECF No. 14); Defendants Seterus, Inc., Federal National Mortgage Association, Inc., and FNMA SSIO 3027 (ECF No. 15); and by Defendant Bank of America, N.A. (ECF No. 17).

By order of this court dated April 5, 2017, Plaintiffs were given a deadline to respond to the first two of these motions (ECF No. 16), and when Plaintiffs failed to file any response or file any other paper with the court, they were ordered on June 15, 2017, to show cause why this case should not be dismissed.[1]  The deadline for

---

[1] The court included the third motion to dismiss, filed by Bank of America ("BOA"), in its show cause order because, although the court had not specifically ordered a response to that motion, the Local Rules of this court provide that the deadline for a memorandum opposing such a motion is 14 days after service of the motion, *see* N.D. Fla. Loc. R. 7.1(E), and that time had expired on May 8, 2017, over a month before the date of the show cause order.

responding to the show cause order passed on July 6, 2017, without a response from Plaintiffs.

The rules of this court provide that a motion may be granted by default if an opposing party does not file a timely memorandum in response. N.D. Fla. Loc. R. 7.1(H). Plaintiffs' failure to respond to any of the motions or to the court's show cause order, coupled with the fact that there has been no activity in this case from Plaintiffs since the motions to dismiss were filed in April of 2017, constitutes grounds for granting the motions and dismissing this case.

The court nonetheless notes that, amongst the grounds for relief presented in the three motions, it is asserted that venue for this cause of action is not appropriate in the Northern District of Florida.

Venue for federal actions is governed by 28 U.S.C. § 1391(b), which provides:

> A civil action may be brought in --
> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

*Id.*

As Plaintiffs' complaint sets out, none of the Defendants are residents of Florida (ECF No. 1, Complaint at ¶¶ 5–9). Furthermore, this cause of action concerns Plaintiffs' default on a loan for the purchase a parcel of real property located in Nashville, Tennessee. Plaintiffs claim that Defendants' collection efforts amounted to violations of the Fair Debt Collection Practices Act, the Real Estate Settlement and Procedures Act, and other laws. Thus, the subject property is not situated in Florida, nor did the events or omissions giving rise to the claim occur in Florida. Since the subject property is located in Nashville, the Middle District of Tennessee is a statutorily proper venue.

It is clear is that there is no connection between this case and the Northern District of Florida other than the fact that Plaintiffs apparently now reside here, but such is not a valid basis for venue in this district.

Under 28 U.S.C. § 1406(a), "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." When venue is improper, the interests of efficiency and fairness generally make it preferential to transfer the case to a district where venue is proper.

Goldlawr, Inc., v. Heiman, 369 U.S. 463, 467 (1962); World Holdings, LLC v. Federal Republic of Germany, 2009 WL 10664174 at *2 (S.D. Fla. May 22, 2009) (citing Davis v. Am. Society of Civil Engineers, 290 F. Supp. 2d 116, 120 (D.D.C. 2003)).  Nonetheless, as the statue provides, the court in its sound discretion may dismiss the case rather than transfer it.  Piper Aircraft Co. v. Reyno, 102 S. Ct. 252, 266 (1981); First of Michigan Corp. v. Bramlet, 141 F.3d 260, 262 (6th Cir. 1998); Hapaniewski v. City of Chicago Heights, 883 F.2d 576, 578 (7th Cir.1989).

Here, while a transfer to the Middle District of Tennessee might be appropriate, Plaintiffs' inaction in this case and apparent lack of concern for the orders of this court indicate that a transfer of venue might well be an act of futility.  Dismissal, on the other hand, is the more efficacious option since it would lend finality to this cause of action without exacting more unnecessary effort from the courts or from Defendants.

Accordingly, it respectfully **RECOMMENDED**:

1. That the complaint be **DISMISSED** without prejudice for Plaintiffs' failure to respond to court orders and for improper venue pursuant to 28 U.S.C. § 1406(a).

2. That all pending motions be denied as moot.

At Pensacola, Florida, this 12<u>th</u> day of July 2017.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**